IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

INSTITUTIONAL SHAREHOLDER SERVICES INC.,

*Plaintiff,*

v.

GENTNER DRUMMOND, in his official capacity as the Oklahoma Attorney General,

*Defendant.*

No. 5:26-cv-02111-PRW

**ANSWER**

Defendant Gentner Drummond, in his official capacity as the Attorney General of Oklahoma, submits the following in Answer to Plaintiff's Complaint filed on August 12, 2026. The headings in this Answer are reproduced from the Complaint for ease of reference only and are not admissions. Defendant denies each allegation contained in the Complaint's footnotes except as expressly admitted herein. Defendant denies every allegation in the Complaint unless specifically admitted herein, and further answers the Complaint's individual allegations as follows:

Plaintiff's opening paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, the allegations in Plaintiff's opening paragraph are denied.

**PRELIMINARY STATEMENT**

1. With respect to the allegations set forth in ¶¶ 1-2, Defendant admits that ISS is a proxy advisor that provides research, advice, and voting recommendations to institutional investor clients for compensation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶¶ 1-2, and on that basis denies

them.

2. With respect to the allegations set forth in ¶ 3, Defendant admits that Oklahoma has enacted legislation regarding proxy advisors. Defendant further admits that the orders described in ¶ 3 were entered in the cases cited there, and those orders speak for themselves. Defendant denies that H.B. 4429 is materially identical to, or materially indistinguishable from, the statutes at issue in those cases. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 3, and on that basis denies them.

3. The allegations set forth in ¶ 4 are denied. Moreover, H.B. 4429 speaks for itself.

4. The allegations set forth in ¶ 5 are denied. Moreover, H.B. 4429 speaks for itself.

5. The allegations set forth in ¶ 6 state legal conclusions to which no response is required. To the extent a response is necessary, the allegations in ¶ 6 are denied. Moreover, the underlying statutes speak for themselves.

6. The allegations set forth in ¶¶ 7-11 state legal conclusions to which no response is required. Moreover, H.B. 4429 speaks for itself. To the extent a response is necessary, the allegations in ¶¶ 7-11 are denied.

7. The allegations set forth in ¶ 12 are denied.

8. The allegations set forth in ¶ 13 state legal conclusions to which no response is required. Moreover, the underlying statutes and court decisions speak for themselves. To the extent a response is necessary, the allegations in ¶ 13 are denied.

**PARTIES**

9. With respect to the allegations set forth in ¶ 14, Defendant admits that ISS supplies proxy voting research, advice, and other services to investors in Oklahoma. Defendant

admits, on information and belief, that ISS is a corporation organized under Delaware law with its headquarters in Rockville, Maryland. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶ 14, and on that basis denies them.

10. The allegations set forth in ¶ 15 are admitted.

## JURISDICTION AND VENUE

11. With respect to the allegations set forth in ¶ 16, Defendant admits that this Court has subject-matter jurisdiction over claims arising under the United States Constitution and 42 U.S.C. §§ 1983 and 1988. Defendant denies that Plaintiff has presented a justiciable case or controversy. Any remaining allegations contained in ¶ 16 are denied.

12. The allegations set forth in ¶ 17 state legal conclusions to which no response is required. Nevertheless, Defendant admits that this Court has the authority to grant declaratory and injunctive relief.

13. The allegations set forth in ¶ 18 state legal conclusions to which no response is required. Moreover, the underlying statutes and court decisions speak for themselves. Defendant does not assert Eleventh Amendment immunity as a bar to the prospective relief Plaintiff seeks against him in his official capacity. To the extent a response is necessary, the remaining allegations in ¶ 18 are denied.

14. With respect to the allegations set forth in ¶ 19, Defendant admits that he is charged with enforcing Oklahoma's consumer protection laws, including H.B. 4429; that he was a signatory to the November 29, 2023 letter to ISS and Glass Lewis, the August 29, 2024 letter to asset managers, and the February 14, 2023 letter to Congress; that Oklahoma is a plaintiff in

the action cited in footnote 4; and that the December 3, 2024, press release quoted in ¶ 19 was issued by his office. Each of those documents speaks for itself. Defendant denies that H.B. 4429 was drafted or enacted with Plaintiff or any other particular proxy advisor in mind, denies that H.B. 4429 is part of any campaign directed at Plaintiff, and denies Plaintiff's characterizations of the cited materials. Defendant further denies that he has determined to bring, or has threatened to bring, any enforcement action against Plaintiff under H.B. 4429. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 19 concerning the terms of any settlement entered into by a nonparty and the news article cited in footnote 4, and on that basis denies them. Any remaining allegations in ¶ 19 are denied.

15. The allegations set forth in ¶ 20 state legal conclusions to which no response is required. To the extent a response is necessary, the allegations in ¶ 20 are denied.

16. With respect to ¶ 21, Defendant admits that venue is proper.

## BACKGROUND

17. With respect to the allegations set forth in ¶¶ 22-26, Defendant admits that publicly traded companies hold annual and special meetings at which shareholders vote on certain matters, that those matters are compiled in a proxy statement distributed to shareholders in advance of the meeting, that shareholders may vote in person or by proxy, and that shareholders satisfying applicable requirements may submit proposals on a range of subjects. Defendant denies Plaintiff's characterizations of shareholder proposals and of the role of institutional investors. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶¶ 22-26, and on that basis denies them.

18. With respect to the allegations set forth in ¶¶ 27-34, Defendant admits that ISS

is registered with the Securities and Exchange Commission as an investment adviser under the Investment Advisers Act of 1940 and is subject to that Act's requirements; admits that ISS is organized in Delaware and headquartered in Maryland; admits that ISS provides proxy advisory services to its clients for compensation; and states that the brochure and the judicial decision cited in ¶¶ 28 and 30 speak for themselves. Defendant denies that ISS has no financial interest in the outcome of shareholder votes, and denies Plaintiff's characterization of its advice as objective and impartial. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶¶ 27-34, and on that basis denies them.

19. With respect to the allegations set forth in ¶¶ 35-43, Defendant states that ISS' Benchmark Policy, its Thematic Policies, and the other publicly available documents cited in ¶¶ 35-43 speak for themselves. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶¶ 35-43, and on that basis denies them.

20. With respect to the allegations set forth in ¶¶ 44-46, Defendant denies that ISS has no financial interest in the outcome of any shareholder vote. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶¶ 44-46, and on that basis denies them.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 47, and on that basis denies them.

22. With respect to the allegations set forth in ¶ 48, the underlying executive order and court decisions speak for themselves. The remaining allegations contained in ¶ 48 are denied.

23. With respect to the allegations set forth in ¶ 49, Defendant denies that H.B. 4429 is materially identical to the Kansas and Indiana statutes, and denies that H.B. 4429 parrots any model law. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶ 49, and on that basis denies them. Moreover, the underlying statutes speak for themselves.

24. The allegations set forth in ¶ 50 state legal conclusions to which no response is required. To the extent a response is necessary, the allegations in ¶ 50 are denied. Moreover, H.B. 4429 speaks for itself.

25. The allegations set forth in ¶ 51 are denied. Moreover, H.B. 4429 speaks for itself.

26. With respect to the allegations set forth in ¶¶ 52-54, H.B. 4429 and the other underlying statutes speak for themselves. To the extent a response is necessary, the allegations in ¶¶ 52-54 are denied.

27. The allegations set forth in ¶¶ 55-59 are denied. Moreover, H.B. 4429 speaks for itself.

## COUNT ONE

28. Defendant incorporates the above responses in response to ¶ 60, which incorporates the preceding paragraphs in the Complaint.

29. The allegations set forth in ¶¶ 61-76 state legal conclusions to which no response is required. To the extent that a response is necessary, the allegations in ¶¶ 61-76 are denied. Moreover, the underlying statutes and court decisions speak for themselves.

## COUNT TWO

30. Defendant incorporates the above responses in response to ¶ 77, which

incorporates the preceding paragraphs in the Complaint.

31. The allegations set forth in ¶¶ 78-86 state legal conclusions to which no response is required. To the extent that a response is necessary, the allegations in ¶¶ 78-86 are denied. Moreover, the underlying statutes and court decisions speak for themselves.

## COUNT THREE

32. Defendant incorporates the above responses in response to ¶ 87, which incorporates the preceding paragraphs in the Complaint.

33. The allegations set forth in ¶¶ 88-95 state legal conclusions to which no response is required. To the extent that a response is necessary, the allegations in ¶¶ 88-95 are denied. Moreover, the underlying statutes, constitutional provisions, and court decisions speak for themselves.

## PRAYER FOR RELIEF

34. To the extent a response is required to the allegations, legal conclusions, and statements in the section titled "Prayer for Relief," they are denied, and Defendant specifically denies that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

35. The Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff has not presented a justiciable case or controversy within the meaning of Article III.

36. Plaintiff lacks standing to bring the claims asserted, including its challenge to the application of H.B. 4429 to advice provided to out-of-state clients concerning out-of-state companies. Plaintiff's asserted injuries are also not redressable by an injunction directed to Defendant alone, because Section 5(B) of H.B. 4429 authorizes suit by private parties over

whom Defendant exercises no control.

37. Plaintiff's claims are not ripe because H.B. 4429 has not taken effect, Defendant has not construed or applied it to Plaintiff, and the record is not sufficiently developed to assess the Act's application to any particular recommendation or policy.

38. Plaintiff has failed to state a claim upon which relief can be granted.

39. Defendant is protected by sovereign immunity to the extent Plaintiff seeks any relief other than prospective relief against Defendant in his official capacity.

40. H.B. 4429 compels only the disclosure of factual information regarding the basis on which a proxy advisor's recommendations are made and the terms under which its services are provided. The Act neither prohibits nor requires any recommendation, and it satisfies the applicable standard of review.

41. H.B. 4429 serves Oklahoma's substantial and compelling interests in preventing deceptive trade practices and in ensuring that shareholders, and those voting on their behalf, receive accurate information about the basis for proxy voting recommendations.

42. H.B. 4429 reaches only proxy advisory services provided to persons in this state or provided in connection with or in relation to companies subject to this state's authority. So construed, the Act does not regulate conduct occurring wholly outside Oklahoma.

43. The provisions of H.B. 4429 are severable. Okla. Stat. tit. 75, § 11a. Any provision held invalid as applied to Plaintiff may be severed, and the Legislature would have enacted the remaining provisions independently.

44. The relief Plaintiff seeks is overbroad. Any relief should be limited to the particular applications of H.B. 4429 shown to be unlawful as to Plaintiff.

45. Defendant preserves all other affirmative defenses that may become apparent in discovery or during this litigation.

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's motion for a preliminary injunction, deny the relief sought in the Complaint in its entirety, enter judgment in Defendant's favor, dismiss the Complaint with prejudice, tax costs against Plaintiff, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Garry M. Gaskins, II*

GARRY M. GASKINS, II, OBA #20212
*Solicitor General*

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:(405) 521-3921
Garry.Gaskins@oag.ok.gov
*Counsel for Defendant*